UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GRADY MCGREW, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) No. 25 C 4538 ) ) Judge Sara L. Ellis |
| TRAVCO INSURANCE COMPANY, | ) ) |
|     Defendant. | ) |

## OPINION AND ORDER

Plaintiff Grady McGrew brings this lawsuit against Defendant TravCo Insurance Company ("Travelers") alleging that Travelers breached its insurance contract with McGrew and committed improper claims practices in violation of 215 Ill. Comp. Stat. 5/155 ("Section 155"). Now, Travelers moves to dismiss McGrew's Section 155 claim (Count II) for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Because McGrew's current allegations do not adequately plead improper practices, the Court dismisses McGrew's Section 155 claim without prejudice.

## BACKGROUND[1]

McGrew owns a home located at 130 Arizona Avenue in Joliet, Illinois. To financially protect himself, McGrew purchased homeowner's insurance from Travelers. The insurance policy, numbered 606976235-633-1 (the "Policy"), started on July 9, 2023 and expired on July 9, 2024. The Policy included a dwelling limit of $276,000, a personal property limit of $138,000, and a deductible of $1,000.

---

[1] The Court takes the facts in the background section from McGrew's complaint and presumes them to be true for the purpose of resolving Travelers' motion to dismiss. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013).

On or about July 25, 2023, a fire damaged McGrew's home. McGrew promptly notified Travelers of the fire loss and otherwise completed all necessary steps required under the Policy. Travelers assigned number IOX6048 to McGrew's insurance claim. Sometime later, Travelers denied McGrew's claim. McGrew's counsel twice contacted Traveler's adjuster, David R. Bould, via email on May 21 and June 4, 2024 to ask why Travelers denied McGrew's claim, but Bould never responded. McGrew's counsel also called Bould and left him a voicemail on June 4, 2024, but Bould never returned the call.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

Travelers argues that the Court should dismiss McGrew's Section 155 claim because McGrew's complaint does not assert sufficient facts to establish such a claim. McGrew responds

that under the liberal pleading standard of Rule 12(b)(6), the facts set forth in the complaint suffice.

Section 155 provides "an extracontractual remedy to policy-holders whose insurer's refusal to recognize liability and pay a claim under a policy is vexatious and unreasonable." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1023 (7th Cir. 2013) (quoting *Cramer v. Ins. Exch. Agency*, 174 Ill. 2d 513, 519 (1996)). In relevant part, Section 155 states:

> In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus [additional penalties].

215 Ill. Comp. Stat 5/155(1). "Simply pleading that [the defendant] knowingly and intentionally refused to provide insurance coverage and that [the defendant's] refusal 'was and continues to be vexatious and unreasonable,' without some modicum of factual support, is insufficient to plausibly suggest that [the plaintiff] is entitled to relief under the statute." *9557, LLC v. Travelers Indem. Co. of Conn.*, No. 15 C 10882, 2016 WL 464276, at *3 (N.D. Ill. Feb. 8, 2016) (alterations in original) (quoting *Scottsdale Ins. Co. v. City of Waukegan*, No. 07 C 64, 2007 WL 2740521, at *2 (N.D. Ill. Sept. 10, 2007)).

McGrew does not allege sufficient facts to state a Section 155 claim. McGrew asserts that Travelers' conduct constituted improper practices by:

> a. [F]ailing to communicate promptly or regularly with [McGrew], *i.e.*[,] unwilling to provide basic information about the claim and/or explanation(s) regarding the coverage decision that they made.
>
> b. [F]orcing [McGrew] to litigate to obtain his coverage benefits due and owing under the policy.

3

> [c]. [F]ailing to properly investigate a claim and/or basing a denial on improper investigative grounds . . . *i.e.*, [Travelers] refused to explain any of the actions and/or decisions that they have made regarding [McGrew]'s claims and, in fact, [he] has not received a single written letter from any of [Traveler]'s adjusters, explaining coverage, or a lack thereof, throughout the entire period for Plaintiff's claim.
>
> [d]. [F]ailing to provide a "reasonable written explanation" causing the fire-related insurance claim to be delayed more than 75 days, as required by Illinois Administrative Code Title 50 § 919.80(7)(B)[.]
>
> [e]. [R]efusing to issue any supplemental payments for [McGrew] to live elsewhere while his house was being repaired.

Doc. 1-1 at 6. To support these statements, McGrew alleges that his counsel emailed Traveler's adjuster two times and called the adjuster once, all without response. *Id.* at 3–4. However, the complaint does not allege any facts regarding the processing of McGrew's claim, the results or extent of Travelers' inspection, the date on which Travelers denied his claim, or any other communications between the parties. In fact, the complaint does not specifically allege that Travelers denied McGrew's claim.[2]

Without any such factual allegations, McGrew's claims are conclusory and insufficient to state a plausible claim for relief. *See Bao v. MemberSelect Ins. Co.*, No. 21 C 04119, 2022 WL 1211509, at *3 (N.D. Ill. Apr. 25, 2022) ("Conclusory allegations that an insurer acted vexatiously or unreasonably, 'without some modicum of factual support,' are insufficient to state a plausible claim for relief under section 155." (citation omitted)). Paragraphs (a), (d), and (e) "amount to little more than simple recitations of the various codes that [McGrew] alleges [Travelers] violated." *9557, LLC*, 2016 WL

---

[2] Based on McGrew's complaint, the Court cannot ascertain whether Travelers formally denied McGrew's claim. McGrew mentions that his counsel contacted Travelers' adjuster "seeking details as to why [McGrew]'s claim was denied." Doc. 1-1 at 3. However, McGrew does not otherwise mention whether or when Travelers denied his claim.

4

46276, at *4; *see also* 215 Ill. Comp. Stat. 5/154.6 (acts that constitute improper claims practices include "(b) Failing to acknowledge with reasonable promptness pertinent communications with respect to claims arising under its policies; (c) Failing to adopt and implement reasonable standards for the prompt investigations and settlement of claims arising under its policies; (d) Not attempting in good faith to effectuate prompt, fair and equitable settlement of claims submitted in which liability has become reasonably clear"). And McGrew "cannot premise [his] Section 155 claim on a pure violation of the Illinois Administrative Code." *King Pub. Adjusters Grp., Inc. on behalf of Khan v. Travelers Ins. Co.*, No. 25 C 5803, 2025 WL 3620979, at *3 (N.D. Ill. Dec. 15, 2025) (citing *Bao*, 2022 WL 1211509, at *4 ("Mere conclusory allegations of code violations will not do.")). Paragraphs (b) and (c)—forcing McGrew to litigate to recover amounts due under his home insurance policy and failing and refusing to properly investigate the claim—when stated without additional facts, amount to merely conclusory allegations about Travelers' allegedly vexatious and unreasonable conduct. *See 9557, LLC*, 2016 WL 46276, at *4.

      While the complaint does indicate that McGrew's counsel attempted to contact Travelers on three occasions, this is not enough. McGrew failed to provide the Court with any dates regarding when he filed his claim, when Travelers denied his claim, or whether Travelers conducted an inspection. Further, McGrew has not pleaded any facts regarding the results or extent of any inspection. *Cf. GCI Consol., LLC v. Allied Prop. & Cas. Ins. Co.*, No. 23 C 3807, 2024 WL 3226578, at *2 (N.D. Ill. June 28, 2024) (finding that allegations that the insurer failed to interview relevant witnesses and thoroughly investigate the damage sufficed to state a Section 155 claim). "Whether a delay is vexatious or unreasonable depends heavily on the circumstances." *Bao*, 2022 WL

5

1211509, at *4; *see also Abbey Ridge LLC v. Addison Ins. Co.*, 416 F. Supp. 3d 760, 774 (S.D. Ill. 2019) ("[A] delay in settling a claim does not violate Section 155 if the delay results from a bona fide dispute regarding coverage."). Thus, the Court cannot infer, solely from the approximate date of damage and the time elapsed since, that Travelers has unreasonably delayed resolving Plaintiffs' claim. *See Edwards v. Depositors Ins. Co.*, No. 20-cv-1074, 2021 WL 25360, at *5 (S.D. Ill. Jan. 4, 2021) ("The conduct the plaintiffs plead in the Complaint is mostly confined to the failure of Depositors to pay what the policy called for. There is no indication why it did not pay, so there is nothing from which it could be reasonably inferred that the reasons were vexatious and unreasonable.").

## CONCLUSION

For the foregoing reasons, the Court grants Travelers' motion to dismiss [9]. The Court dismisses Count II without prejudice.

Dated: January 7, 2026

_____
SARA L. ELLIS
United States District Judge