**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GRADY MCGREW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 25 C 4538 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| TRAVCO INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiff Grady McGrew brings this lawsuit against Defendant TravCo Insurance

Company ("Travelers") alleging that Travelers breached its insurance contract with McGrew and

committed improper claims practices in violation of 215 Ill. Comp. Stat. 5/155 ("Section 155").

After this Court dismissed McGrew's Section 155 claim for failure to state a claim pursuant to

Federal Rule of Civil Procedure 12(b)(6), Doc. 20, McGrew filed an amended complaint

attempting to address any pleading deficiencies, Doc. 23. Travelers now again moves to dismiss

McGrew's amended Section 155 claim (Count II) for failure to state a claim. Because

McGrew's amended complaint includes sufficient factual allegations to state a valid Section 155

claim, the Court denies Travelers' motion to dismiss.

**BACKGROUND**[1]

McGrew owns a home located at 130 Arizona Avenue in Joliet, Illinois. To financially

protect himself, McGrew purchased homeowner's insurance from Travelers. The insurance

policy, numbered 606976235-633-1 (the "Policy"), started on July 9, 2023 and expired on July 9,

---

[1] The Court takes the facts in the background section from McGrew's first amended complaint and the exhibits attached thereto and presumes them to be true for the purpose of resolving Travelers' motion to dismiss. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013).

2024.  The Policy included a dwelling limit of $276,000, a personal property limit of $138,000, and a deductible of $1,000.

On or about July 25, 2023, a fire damaged the structure and contents of McGrew's home. McGrew notified Travelers of the fire loss sometime before July 31, 2023 and otherwise completed all necessary steps required under the Policy.  Travelers then assigned number IOX6048 to McGrew's insurance claim.  On July 31, 2023, McGrew received a letter from Travelers notifying him that the company needed to visit McGrew's home and check for asbestos.  McGrew does not know if anyone from Travelers subsequently visited his home to check for asbestos or otherwise inspect the fire loss because no one coordinated a visit with McGrew.  McGrew took pictures of the damage to the inside of his home and then boarded it up on or about August 1, 2023.  He also provided Travelers with an inventory of damaged or destroyed items on or about August 21, 2023.

After months of silence, McGrew received an email from David Bould, a Travelers claim adjuster, on November 22, 2023, which said, "We are still in the process of reviewing your claim.  Once our review is complete, I will provide you an update."  Doc. 23 ¶ 15.  Having received no further communication, McGrew emailed Bould on February 15, 2024 to ask for an update.  Then, on February 22, 2024, Travelers sent McGrew a letter that stated the company needed additional information to complete the investigation of McGrew's claim.  The letter stated that "Travelers Investigator Mark Cushman has attempted to complete an in-person interview with [McGrew] regarding [his] policy and claim," but that McGrew "ha[s] not participated in that interview."  *Id.* at 28.  The letter also noted that Travelers paid McGrew "$5,000 as an advance on contents" and "CRS Temporary Housing, Inc. $4,982.76 for providing temporary housing."  *Id.*  The letter directed McGrew to contact Cushman within twenty-one

days to arrange an interview and provide requested documents. McGrew "does not recall when he called Cushman," but McGrew "has not received any documentation or correspondence from [Cushman] about his claim or when his interview would occur." *Id.* ¶ 18.

McGrew's counsel then twice tried to contact Bould, on May 21 and June 4, 2024, to state that he represented McGrew and ask about the status of McGrew's claim. McGrew's counsel also sent a follow-up email to Bould on June 4, 2024, informing Bould that he just left him a voicemail and requesting documentation. Bould sent McGrew's counsel an email on February 14, 2025, stating McGrew's counsel "advised [Travelers] in May of 2024 that [he was] representing [McGrew]" and asking McGrew's counsel if he was still representing McGrew because Bould "ha[d] not hear from [him] recently in regards to [McGrew's] claim." Doc. 23 at 35. Travelers has never formally denied coverage for McGrew's claim.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

3

## ANALYSIS

Travelers argues that the Court should dismiss McGrew's Section 155 claim because McGrew's complaint does not assert sufficient, non-conclusory facts to establish such a claim. McGrew responds that he plausibly states a Section 155 claim because he alleges Travelers failed to communicate with him, failed to investigate his claim, violated the Illinois Administrative Code, forced him to file suit, and refused to issue him additional payments for temporary housing.

Section 155 provides "an extracontractual remedy to policy-holders whose insurer's refusal to recognize liability and pay a claim under a policy is vexatious and unreasonable." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1023 (7th Cir. 2013) (quoting *Cramer v. Ins. Exch. Agency*, 174 Ill. 2d 513, 519 (1996)). In relevant part, Section 155 states:

> In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus [additional penalties].

215 Ill. Comp. Stat 5/155(1). "Simply pleading that [the defendant] knowingly and intentionally refused to provide insurance coverage and that [the defendant's] refusal 'was and continues to be vexatious and unreasonable,' without some modicum of factual support, is insufficient to plausibly suggest that [the plaintiff] is entitled to relief under the statute." *9557, LLC v. Travelers Indem. Co. of Conn.*, No. 15 C 10882, 2016 WL 464276, at *3 (N.D. Ill. Feb. 8, 2016) (alterations in original) (quoting *Scottsdale Ins. Co. v. City of Waukegan*, No. 07 C 64, 2007 WL 2740521, at *2 (N.D. Ill. Sept. 10, 2007)).

Here, McGrew asserts that Travelers' conduct constituted improper practices by:

4

a.   [F]ailing to communicate promptly or regularly with [McGrew], *i.e.*[,] unwilling to provide basic information about the claim and/or explanation(s) regarding the coverage decision that they made. – see paragraphs 16 and 19.

b.   [F]orcing [McGrew] to litigate to obtain his coverage benefits due and owing under the policy – see paragraphs 20 and 21.

[c].   [F]ailing to properly investigate a claim by not coming out to the property site to do an inspection, failing to take any photographs of destroyed or damaged property or contents, failing to take McGrew's recorded statement (see paragraphs 12, 13, 14). Tra[velers] has refused to explain any of the actions and/or decisions that they have made regarding [McGrew]'s claim, and, in fact, McGrew has not received a single written letter from any of [Travelers]'s adjusters, explaining coverage, or lack thereof, since Novweember [sic] 22, 2024.

[d].   [F]ailing to provide a "reasonable written explanation" causing the fire-related insurance claim to be delayed more than 75 days, as required by Illinois Administrative Code Title 50 § 919.80(7)(B).  McGrew reported the claim sometime before July 31, 2023 and received no correspondence or adjuster input until November 23, 2023.

[e].   [R]efusing to issue any supplemental payments for [McGrew] to live elsewhere while his house was being repaired since [Traveler]'s February 22, 2024 letter.

Doc. 23 ¶ 34.  Compared to his original complaint, McGrew adds more factual assertions to his amended complaint to support his claim that Travelers acted unreasonably and vexatiously, namely: Travelers' purported failure to conduct any investigation or interviews; Travelers' months-long communication gaps, including Travelers' alleged silence from July 2023 to November 2023, November 2023 to February 2024, and February 2024 to when he filed a lawsuit in state court on July 23, 2024; Travelers' adjuster's failure to respond to McGrew's counsel when he reached out multiple times in May and June 2024 to ask about the status of McGrew's claim; Travelers' failure to

5

provide the statutorily-mandated explanation of why it had not resolved McGrew's claim within seventy-five days of McGrew reporting his fire loss;[2] Travelers' refusal to issue McGrew any payments after its initial two payments for contents and temporary housing; Travelers forcing McGrew to file suit to recover the disputed amount; and Travelers' failure to make any decision on McGrew's claim as of the date McGrew filed his amended complaint in February 2026. *See* Doc. 23 ¶¶ 8–21.

While any one of these allegations may not independently support a Section 155 claim, the Court must "consider the totality of the circumstances" in its analysis. *Med. Protective Co. v. Kim*, 507 F.3d 1076, 1086 (7th Cir. 2007) (citations omitted). And accepting all these facts as true, as the Court must on a Rule 12(b)(6) motion,[3] McGrew has done more than simply restate a conclusory allegation that Travelers acted vexatiously and unreasonably. *See GCI Consol., LLC v. Allied Prop. & Cas. Ins. Co.*, No. 23 C 3807, 2024 WL 3226578, at *2 (N.D. Ill. June 28, 2024) (finding allegations that the insurer failed to interview relevant witnesses and thoroughly investigate the damage suffced to state a Section 155 claim); *2 Lemoyne Parkway Condo. Ass'n v. Travelers Cas. Ins. Co. of Am.*, No. 23-CV-2130, 2024 WL 22234, at *2 (N.D. Ill. Jan. 2, 2024) (finding that allegations that the insurer "failed to adequately investigate the claim,

---

[2] In his amended complaint, McGrew alleges (for the first time) that he reported his claim sometime between July 25 and July 31, 2023. Doc. 23 ¶ 8.

[3] In its motion to dismiss, Travelers states that any failure to promptly resolve McGrew's claim results from McGrew's refusal "to answer Travelers' questions about his whereabouts at the time of the fire and his relationship to the dwelling, asserting that this information was 'personal.'" Doc. 30 at 7–8. While this assertion may be true, the Court cannot consider such a statement when resolving Travelers' motion to dismiss. *Jackson v. Curry*, 888 F.3d 259, 263 (7th Cir. 2018) ("Generally, a district court cannot consider evidence outside the pleadings to decide a motion to dismiss without converting it into a motion for summary judgment."); *Fleury v. Union Pac. R.R. Co.*, 528 F. Supp. 3d 885, 896 (N.D. Ill. 2021) ("Tellingly, [defendant] supports its argument [to dismiss] by introducing facts and materials relating to the scope of its operations, which as [plaintiff] points out, cannot be properly considered at this stage.").

it failed to objectively evaluate the claim, it unreasonably delayed settlement, it did not provide the statutorily-mandated calculation of time to file suit, and it forced Plaintiff to file suit to recover the dispute amount" stated a valid Section 155 claim). While discovery may show that McGrew's Section 155 claim cannot survive summary judgment, the allegations in his amended complaint suffice to survive dismissal.[4]

## CONCLUSION

For the foregoing reasons, the Court denies Travelers' motion to dismiss [30].

Dated: August 3, 2026

SARA L. ELLIS
United States District Judge

---

[4] Travelers does not advance a well-supported bona fide dispute argument, perhaps because "'questions of whether a bona fide dispute exists or whether the claim presents a genuine legal or factual issue regarding coverage are fact-specific inquiries' [are] best decided on the merits after the evidence is fully developed." *NM Cap. LLC v. Fid. & Guar. Ins. Co.*, No. 23 CV 1120, 2024 WL 2801652, at *4 (N.D. Ill. May 31, 2024) (quoting *Sutherland-Garnier Funeral Home, Inc. v. State Auto Prop. & Cas. Ins. Co.*, No. 23-CV-1501, 2023 WL 8715859, at *4 (S.D. Ill. Dec. 18, 2023)); *see also Souza v. Erie Ins. Co.*, No. 22-CV-3744, 2023 WL 4762712, at *8 (N.D. Ill. July 25, 2023) ("[C]ourts routinely decline to dismiss claims based on the existence of a bona fide dispute at the motion to dismiss stage, before the court has the benefit of all the evidence."); *Strategic Cap. Bancorp, Inc. v. St. Paul Mercury Ins. Co.*, No. 10-CV-2062, 2014 WL 562970, at *6 (C.D. Ill. Feb. 13, 2014) (concluding that even if the insurer "ultimately ha[d] the winning argument that a Section 155 award [was] unwarranted" it was "too early" to determine whether the insurer's coverage position was based on a bona fide dispute).